Clarence **HALL**, **Jr.** and **Willie Bunton,**
individually, and on behalf of all others
similarly situated, Plaintiffs-Appellants,

v.

**ISSAQUENA COUNTY BOARD OF SU-
PERVISORS** et al., Defendants-
Appellees.

No. 71–2312

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1971.

Frank R. Parker, George Peach Tay-
lor, Jackson, Miss., for plaintiffs-appel-
lants.

E. C. Clements, R. M. Clements, Roll-
ing Fork, Miss., Walter Gorman, Atty.,
Harry C. Piper, III, Voting Rights Div.,
U. S. Dept. of Justice, Washington, D.
C., for defendants-appellees.

Before BELL, AINSWORTH and
GODBOLD, Circuit Judges.

PER CURIAM:

This case is before us now for disposi-
tion on the merits.  On July 29, 1971,

we issued our order herein in connection
with appellants' motion for an injunc-
tion pending appeal and, alternatively,
for an expedited hearing, in which we
denied the motion for an injunction, or-
dering that the District Judge's order
of July 8, 1971, remain in full force and
effect subject to the filing of a redis-
tricting plan on or before December 1,
1971.  We also ordered that upon ap-
proval of a legally sufficient plan by the
District Court, in any event not later
than May 16, 1972, that the District
Court order a final election for a board
of supervisors be held under the laws of
the State of Mississippi in the respec-
tive districts of Issaquena County.  Lat-
er, on August 24, 1971, we declined to
grant appellants' motion for voluntary
dismissal and remand pending disposi-
tion of this appeal on the merits.

The briefs of all parties have been re-
ceived by the Court on the merits and
the parties, appellants and appellees (as
well as the United States as amicus cu-
riae), request that we remand this case
to the District Court with instructions
to proceed in accordance with our order
of July 29, 1971.  We have concluded
that the course of action suggested by
the parties is desirable and would be an
appropriate disposition of this case on
the merits.

We are also requested by appellants to
determine alleged ambiguities in our or-
der of July 29, 1971, relative to whether
the District Court is required to order
the new election prior to May 16, 1972,
or at some later date; and to determine
whether "final election" referred to
therein, means a general or special elec-
tion.

Accordingly, we herewith remand this
case to the District Court with direc-
tions to proceed and dispose of same in
accordance with our prior order of July
29, 1971.  The District Court shall enter
its *order* not later than May 16, 1972,
requiring that a final election be held as
soon as is reasonably possible thereafter,

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Co. of New

York, et al., 5 Cir., 1970, 431 F.2d 409,
Part I.

under the laws of the State of Mississippi. We shall leave for initial consideration and determination of the District Court the question of the manner and form of the election, whether general or special, all in accordance, however, with the laws of the State of Mississippi which are appropriate under the facts and circumstances of this case.

Remanded.